**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LUIS GALARZA, | ) |
| | ) |
| Plaintiff, | ) **Case No. 3:26-cv-588(VDO)** |
| | ) |
| - against - | ) |
| | ) |
| THE CITY OF BRIDGEPORT; LYNN | ) |
| KERWIN, THOMAS LULA, AND VINCENT | ) |
| INGRASSIA, Individually and in Their Official | ) |
| Capacities as Bridgeport Police Officers, | ) |
| | ) |
| Defendants. | ) |

## RULE 26(f) REPORT

Date Complaint Filed:         April 16, 2026

Date Complaint Served:        April 23, 2026 (City of Bridgeport, Thomas Lula, and
                              Vincent Ingrassia)
                              April 24, 2026 (Lynn Kerwin)

Date of Defendants' Appearances:  May 12, 2026 (Vincent Ingrassia)
                              May 13, 2026 (City of Bridgeport, Thomas Lula, and Lynn
                              Kerwin)

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16 & 26(f)(1), a conference was held on June 19, 2026. The participants were:

- Kenneth Rosenthal, Joel Rudin, Samuel Kuhn, and Sam Thypin-Bermeo for Plaintiff Luis Galarza;
- Richard G. Kascak, Jr. Joseph Gutmann, and Katherine Getty for Defendant the City of Bridgeport;
- William J. Melley, III for Defendant Lynn Kerwin;
- James N. Tallberg and Andrew J. Glass for Defendant Thomas Lula; and
- Richard J. Buturla for Vincent Ingrassia.

I.     Certification

      Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the

1

following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.    Jurisdiction

    A. Plaintiff asserts subject-matter jurisdiction exists under 28 U.S.C. §§ 1331 and 1367. Subject-matter jurisdiction is not contested.

    B. Personal jurisdiction is not contested.

III.   Brief Description of the Case

This case arises from the arrest, prosecution, conviction, and incarceration of Plaintiff Luis Galarza arising from criminal charges related to a double murder that occurred in Bridgeport, Connecticut on October 15, 1999. Plaintiff spent approximately 23 years in prison for those crimes until a court vacated his conviction and the State Attorney's Office dismissed the charges.

    A. Plaintiff's claims are set forth in the Complaint, ECF No. 1. They include various Fourth, Fifth, Sixth and Fourteenth Amendment claims for denial of a fair trial and due process of law; state-law negligence claims; and indemnification and direct-action claims against the City of Bridgeport.

    B. Defendant City of Bridgeport denies the material allegations of the Complaint but has not answered, instead writing the Court asking for a pre-motion conference regarding their intention to file a pre-answer motion to dismiss. Individual Defendants Kerwin, Lula, and Ingrassia answered with affirmative defenses on June 12, 2026, ECF Nos. 53–55.

    C. There currently are no third-party defendants.

IV.    Statement of Undisputed Facts

Counsel certify that they have made a good-faith attempt to determine whether there are any material facts that are not in dispute. The parties state that, based on their initial investigations, the following material facts are undisputed:

1. On October 15, 1999, Magdiel Rivera, Jr., and Luis Velez were murdered in the City of Bridgeport.
2. On November 15, 2001, Luis Galarza was arrested and charged with those murders.
3. On March 7, 2003, the State filed notice that it was seeking the death penalty.
4. Trial commenced on June 2, 2003.
5. On June 20, 2003, at the conclusion of the guilt phase, the jury entered a verdict of guilty of capital murder.
6. On June 27, 2003, at the conclusion of the penalty phase, the jury found that the proven aggravating factor did not outweigh the proven mitigating factor, and as a result Mr. Galarza was thereafter sentenced to life without the possibility of release.

V.    Case Management Plan:

A.  Initial Disclosures

  a.  Initial disclosures will be served by **July 22, 2026**.

B.  Scheduling Conference

  a.  The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). In the event that the Court has any question or reservation about the proposed scheduling order, the parties request that the scheduling conference be held by telephone.

C.  Early Settlement Conference

  a.  The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

D.  Joinder and Amendment:

  a.  All motions to join other parties and to amend the pleadings may be filed without leave of the Court by no later than **October 22, 2026**. All motions to amend the pleadings may be filed after October 22, 2026, only with the opposing party's written consent, or the court's leave.

E.  Discovery:

  a.  This is a complex case involving a wrongful conviction that occurred many years ago and extraordinarily serious damages.  It is complex because numerous *Brady* and evidence fabrication violations were allegedly committed by the various defendants in respect to numerous third-party witnesses and it involves investigatory and pretrial proceedings, a complicated trial record, and post-trial proceedings and investigation over many years.  Not only will numerous depositions need to be taken regarding the underlying case facts, but also regarding Plaintiff's multifaceted *Monell* claim involving the policies, customs and practices of the Bridgeport Police Department.

  b.  The parties anticipate that discovery will be needed on the following subjects:

    1.  The investigation by employees of the City of Bridgeport, including the individual Defendants here, of the October 15, 1999 murders of Magdiel Rivera, Jr., and Luis Velez;

3

2.  The prosecution of Plaintiff, pursuit of post-conviction relief, and vacatur of conviction and dismissal of charges;

3.  The policies, practices, and customs of the City of Bridgeport Police Department with respect to the interrogation of prospective witnesses, the preparation of police reports and other records, compliance with the probable cause requirement of the Fourth Amendment and with *Brady v. Maryland,* 373 U.S. 83 (1963), and supervision, training, and discipline of officers and detectives;

4.  All claims brought by Plaintiff in the Complaint and Defendants' affirmative defenses; and

5.  Plaintiff's alleged damages.

c.  Discovery may commence, pursuant to Fed. R. Civ. P. Rule 26(d), upon the filing of this Rule 26(f) report, except that initial disclosure shall not be due until **July 22, 2026**.

d.  Discovery phases.

Plaintiff's Position is that Discovery should not be conducted in phases, but discovery regarding facts specific to the Galarza criminal prosecution and Plaintiff's *Monell* claim should be conducted simultaneously.  On the other hand, Defendant City would like to conduct *Monell* discovery at a later date.  Plaintiff has informed Defendants that he intends to amend his Complaint to add allegations based upon investigation he has conducted since the Complaint was filed.  In view of that, and subject to the discretion of the Court, Plaintiff will agree to defer resolution of the parties' differences concerning the timing of *Monell* discovery until Plaintiff has filed his amended pleading.

Defendants' Position: Defendant City retains the right to move to either stay or bifurcate *Monell* discovery, should any *Monell* claims survive Defendant City's intended motion to dismiss. However, in light of Plaintiff's stated intent to amend his Complaint, Defendant City will agree to postpone a decision regarding any such motion for stay or bifurcation until an Amended Complaint is filed and the parties have the opportunity to discuss and attempt to come to an agreement on this issue.

e.  Discovery stay.

Plaintiff's Position: There will be no agreed-upon stay of discovery, but pending the Court's resolution of the parties' disagreement about *Monell* discovery, such *Monell* discovery will, in the Court's discretion, be briefly delayed.

Defendant's Position: Defendant City retains the right to move to either stay or bifurcate *Monell* discovery, should any *Monell* claims survive Defendant City's intended motion to dismiss. However, in light of Plaintiff's stated intent to amend his Complaint, Defendant City will agree to postpone a decision regarding any such motion for stay or bifurcation until an Amended Complaint is filed and the parties have the opportunity to discuss and attempt to come to an agreement on this issue.

f.  Non-Expert fact discovery will be completed by **July 30, 2027**.  The parties must produce documents requested for production by **October 1, 2026**. Non-expert depositions must be completed by **July 30, 2027**. The parties may produce and request additional documents after these respective dates, but before July 30, 2027, if they have a good faith basis for the delay.

g.  The parties anticipate that the Plaintiff will require a total of 15-20 depositions of non-expert witnesses, and that defendants will require a total of 10-20 depositions of non-expert witnesses. The depositions may commence by **September 1, 2026**.

h.  The parties do not plan to serve more than 25 interrogatories upon any opposing party but will seek leave if they require additional interrogatories.

i.  All parties intend to call expert witnesses at trial. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and serve reports pursuant to Rule 26 by no later than **August 30, 2027**. Each Party intending to offer testimony of an expert in response to such expert reports shall identify such rebuttal expert(s) and serve such rebuttal reports pursuant to Rule 26 by no later than **September 30, 2027**. All expert depositions shall be completed by no later than **October 30, 2027**.

j.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by **September 30, 2027**.

k.  Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties will meet and confer regarding search terms and custodians. All parties agree that any electronically stored information shall be produced in its native format unless technologically impracticable.

l.  Undersigned counsel have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties are aware of their respective preservation and disclosure obligations. Defendants Kerwin, Lula, Ingrassia, and City of Bridgeport are in the process of determining the extent of the relevant paper material in their respective custodies.

m.  Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree that the inadvertent production of privileged information to a Party in this case does not constitute a waiver of the attorney-client privilege and that the producing party may claw back any inadvertently produced privileged material if it acts promptly to do so upon discovery of the inadvertent production.

F.  Summary Judgment Motions

a.  All pre-filing conference letters seeking leave to file motions for summary judgement shall be filed no later than **October 30, 2027**.

G.  Joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases.

a.  The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of **November 6, 2027**, or 30 days after the resolution of dispositive motions.

VI.  The case will be ready for trial 30 days after the joint trial memoranda is filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Plaintiff Luis Galarza

By   /s/Joel B. Rudin         Date: 6/24/2026

Joel B. Rudin (ct25097)
The Law Offices of Joel B. Rudin, P.C.
152 West 57th Street, 8th Floor
New York, NY 10019
(212) 752-7600
Fax: (212) 980-2968
jbrudin@rudinlaw.com

6

Defendant City of Bridgeport

By \_\_\_/s/Joseph Gutmann_____ Date: 6/24/2026_____
Joseph Gutmann
Federal Bar No. CT32207
Nathan & Kamionski, LLP
343 Maple Avenue
Westbury, NY 11590
(516) 620-0370
jgutmann@nklawllp.com

Defendant Lynn Kerwin

By \_\_\_/s/William J. Melley III_____ Date: 6/24/2026_____
William J. Melley III (ct17849)
The Law Offices of William J. Melley III
250 Hudson Street
Hartford, CT 06067
860-247-9933
Fax: 860-247-9944
wjmelley@wjmelley.com

Defendant Thomas Lula

By \_\_\_/s/James N. Tallberg_____ Date: 6/24/2026_____
James N. Tallberg (ct17849)
Karsten & Tallberg, LLC
500 Enterprise Dr., Suite 4B
Rocky Hill, CT 06067
860-233-5600
Fax: 860-233-5800
jtallberg@kt-lawfirm.com

Defendant Vincent Ingrassia

By \_\_\_/s/Richard J. Buturla_____ Date: 6/24/2026_____
Richard J. Buturla (ct05967)
Berchem Moses P.C.
75 Broad Street
Milford, CT 06460
(203) 783-1200
Fax: (203) 878-4912
rbuturla@berchemmoses.com